IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| ELEANOR MOORE | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DOMINION LAW ASSOCIATES, P.L.L.C. | ) |
| | ) |
| SERVE:   William A. Lascara | ) |
| Registered Agent | ) |
| Pender & Coward | ) |
| Town Center | ) |
| 222 Central Park Ave. | ) |
| Virginia Beach, VA 23462 | ) |
| | ) |
| MIDLAND FUNDING, LLC | ) |
| | ) |
| SERVE:   Corporation Service Company | ) |
| Bank of America Center, 16th Floor | ) |
| 1111 East Main Street | ) |
| Richmond, VA 23219 | ) |
| | ) |
| DOE NO. 1, *whose name is unknown* | ) |
| | ) |
| Defendants. | ) |

Civil Action No.

3:14cv122

**FILE**

FEB 2 4 2014

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## COMPLAINT

COMES NOW the Plaintiff, Eleanor Moore ("Moore" or "Plaintiff"), by counsel, and as for her Complaint against the Defendants, she alleges as follows:

1.     This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees brought pursuant to 15 U.S.C. § 1692, *et seq.* (the Fair Debt Collection Practices Act or "FDCPA") and under Virginia state law for the tort of abuse of process. The Defendants used the state garnishment process to extract money from the Plaintiff that she did not owe and which was not permitted by law. These misrepresentations constituted a Class 1 misdemeanor in

Virginia, and, thus, certainly were false, deceptive and unfair debt collection practices prohibited by federal law. Specifically, the Defendants filed a garnishment for a judgment that had previously been vacated and dismissed.

## JURISDICTION

2.     Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

## PARTIES

3.     Plaintiff is a natural person who resides in the Commonwealth of Virginia and at all times relevant to this Complaint was a "consumer" as that term is defined by the FDCPA, at 15 U.S.C. § 1692a(3).

4.     Defendant Dominion Law Associates, P.L.L.C., ("DLA" or "Defendant"), is a professional limited liability company debt collection law firm with offices in Virginia. It regularly collects debts from consumers located across the Commonwealth of Virginia. At all times relevant to this Complaint, DLA was a "debt collector" as that term is defined by the FDCPA.

5.     Defendant Midland Funding, LLC (hereafter, "Midland Funding") is a Delaware Limited Liability Company, which purchases portfolios of consumer debts. The Defendant's principal business purpose is the collection of debts, and it is a debt collector as that term is defined at 15 U.S.C. § 1692a(6).

6.     Defendant Doe No. 1 is an attorney and employee of Defendant DLA. Defendant Doe No. 1 is the individual who signed the suggestion for summons in garnishment dated January 8, 2014 and filed in case no. GV07000599-00 in Brunswick County General District Court.

2

## STATEMENT OF FACTS

7. The Defendants contend that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes.

8. This alleged debt was consigned, placed or otherwise transferred to the Defendants for collection from the Plaintiff.

9. On December 6, 2007, the Defendants obtained default judgment against Plaintiff in Brunswick County General District Court in case no. GV07000599-00.

10. Thereafter, by an agreed order signed by Defendant Midland Funding and the Plaintiff and later entered by the Brunswick County General District Court, this judgment was vacated on October 7, 2010.

11. This case was subsequently dismissed.

12. Moreover, the Supreme Court of Virginia website also shows that this case was dismissed.

13. Defendants had knowledge that this judgment was vacated and dismissed.

14. Despite this fact, the Defendants recently instituted a garnishment action in this case.

15. On or around January 8, 2014, the Defendants filed a suggestion for summons in garnishment with the Brunswick County General District Court for the vacated judgment.

16. Defendants attempted to collect the vacated judgment, along with additional interest and costs.

17. An attorney employed by Defendant DLA, Defendant Doe No. 1, signed a suggestion for summons in garnishment certifying the Defendants' entitlement to this judgment.

18. This statement was false.

3

19.     Defendants' submission of the falsified garnishment suggestion constituted a criminal offense, a Class 1 misdemeanor as per Virginia Code § 8.01-511, and, thus, also violated the Fair Debt Collection Practices Act.

20.     In reliance on the Defendants' suggestion for summons in garnishment, the Brunswick County General District Court issued a garnishment summons for the vacated judgment.

21.     As a result of the Defendants' actions, Plaintiff's bank account was frozen, and she was denied access to her bank account.

22.     Because of the Defendants' violations of law, Plaintiff suffered actual damages.

**COUNT ONE:**
**VIOLATION OF 15 U.S.C. § 1692d(1)**
**Claim against all Defendants**

23.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

24.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d(1) by their actions, which include, but are not limited to, using criminal means to harm the Plaintiff.

25.     As a result of the actions taken by the Defendants, which include, but are not limited to, attempting to garnish funds for a vacated judgment, the Defendants violated Virginia Code § 8.01-511, an offense classified as a Class 1 misdemeanor.

26.     Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT TWO:**
**VIOLATION OF 15 U.S.C. § 1692e(2)(A)**
**Claim against all Defendants**

27.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

28.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(A) by their actions, which include, but are not limited to, the false representation of the character, amount, or legal status of any debt.

29.     Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT THREE:**
**VIOLATION OF 15 U.S.C. § 1692e(2)(B)**
**Claim against all Defendants**

30.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

31.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(2)(B) by their actions, which include, but are not limited to, the false representation of the services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

32.     Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FOUR:**
**VIOLATION OF 15 U.S.C. § 1692e(10)**
**Claim against all Defendants**

33.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

34.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e(10) by their actions, which include, but are not limited to, using false representation as a means to collect a debt.

35.     Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT FIVE:**
**VIOLATION OF 15 U.S.C. § 1692f(1)**
**Claim against all Defendants**

36.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

37.     The Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(1) by their actions, which include, but are not limited to, the collection of amounts not permitted by law.

38.     Plaintiff is therefore entitled to actual and statutory damages against the Defendants, as well as her reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k.

**COUNT SIX:**
**Virginia Abuse of Process**
**Claim against all Defendants**

39.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

40.     The Defendants' filing of the state court suggestion for summons in garnishment was accomplished with the improper motive and purpose of collecting money that was not actually owed by the Plaintiff and was accomplished through an intentional misrepresentation that Plaintiff did owe this money.

41.   Defendants were aware that the judgment they attempted to collect through Virginia's garnishment process was a vacated judgment.

42.   Defendants conducted themselves in this manner with intent to defraud and with legal and actual malice as to the Plaintiff.

43.   Defendants are therefore liable to Plaintiff for punitive damages.

44.   As a result of the Defendants' abuse of process, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act, punitive damages for their abuse of process, and such other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**ELEANOR MOORE**

By _____
          Of Counsel

Matthew J. Erausquin, VSB No. 65434
Janelle Mason Mikac, VSB No. 82389
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
matt@clalegal.com
janelle@clalegal.com
casey@clalegal.com

7